IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Michael J. Campbell, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16cv481 (TSE/TCB) |
| | ) | |
| Karen Brown, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on an unopposed Motion for Summary Judgment filed jointly by the defendants, current and former members of the Virginia Parole Board ("VPB"). Michael J. Campbell, a Virginia inmate acting pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"), alleging that his rights were violated when accommodations were not made for his hearing impairment and other disabilities during hearings before the VPB. He seeks declaratory and injunctive relief as well as compensatory and punitive damages. For the reasons which follow, defendants' Motion for Summary Judgment must be granted.

### I. Background

#### A. Parties

Campbell is an inmate presently incarcerated within the Virginia Department of Corrections ("VDOC") and housed at Deerfield Correctional Center. He is serving an original sentence of 63 years for a conviction of abduction and forcible sodomy imposed in 1987, as well as additional sentences incurred during his incarceration for property damage and attempted escape. Dkt. No. 32, Ex. 1, Bennett Aff. ¶ 4. Although Campbell's current mandatory parole

release date is June 10, 2025, id., he was informed by letter dated April 30, 2018 that he was granted geriatric parole release. Bennett Aff. ¶ 14. Defendants estimate that Campbell will be released sometime in October, 2018, id.; at the time of this writing, VDOC's online Inmate Locator reflects that he remains in custody.

Defendant Adrianne Bennett is the current chairman of the VPB; defendants Sherman Lea and Lincoln James (misidentified by plaintiff as Lincoln Shea) are current members of the VPB; and defendant Algie Howell is a former member of the VPB. Dkt. No. 32, Def. Mem. ¶¶ 2 - 5.

B. Proceedings

In the second amended complaint, which is the operative complaint in the lawsuit, Campbell alleges in relevant part that he suffers from "severe hearing losses and other disabilities." Dkt. No. 18, ¶ 2. Nonetheless, he was "denied an effective means of receiving or imparting information at various critical points throughout my imprisonment, including all my parole hearings...". Id., ¶ 4. Campbell states that he was never provided with a "hearing impaired certified assistant/interpreter before, during, or after any of [his] parole hearings." Id. ¶ 8. He asserts that this failure violated his constitutional right to due process as well as his rights under the ADA and the RA. Id. ¶ 22.[1]

On June 6, 2018, defendants filed a Motion for Summary Judgment accompanied by a memorandum of law with supporting exhibits, and provided plaintiff with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Dkt. No. 31-33]

---

[1] Included in the second amended complaint are occasional references to alleged violations of plaintiff's rights as a disabled person by VDOC and its employees. See, e.g., Dkt. No. 18 at ¶¶ 2-3. These statements are generalized in nature, and even were they expressed with greater specificity, no defendant is named in the lawsuit who could be liable for any harm plaintiff suffered as the result of VDOC's shortcomings, as it is a separate entity from the VPB.

2

Plaintiff has submitted nothing in response. Accordingly, this matter is now ripe for disposition.

**II. Analysis**

A. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts for which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite

Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

B. Undisputed Material Facts

Campbell was first reviewed for discretionary parole release by the VPB in May, 1997. Since then he has had a total seventeen (17) parole interviews, and on each occasion the VPB determined not to grant him discretionary parole based on the severity of his offenses. Bennett Aff. ¶ 10. There is nothing contained in VPB's records to indicate that Campbell ever complained of a hearing impairment or requested any type of accommodation for hearing loss during any of those proceedings. Id. Campbell never submitted an appeal or a request for reconsideration of any of the decisions not to grant him discretionary parole release. Bennett Aff. ¶ 15.

Campbell's last interview for discretionary parole release occurred in November, 2016. It was conducted at Deerfield Correctional Center by Parole Examiner Timothy Phillips. Bennett Aff. ¶ 12; Phillips Aff. ¶ 4. During that interview, Campbell voiced no complaints of being unable to hear or to communicate effectively. At no time during the interview did he indicate that he had trouble hearing or understanding conversations. He responded to the questions he was asked, and Parole Examiner Phillips observed no indication that Campbell was unable to hear him or to understand his questions. Phillips Aff. ¶ 4. Had Campbell advised Parole Examiner Phillips that he was unable to hear, Phillips would have suspended the interview until he received whatever audio assistance was deemed necessary by medical staff at the facility. Phillips Aff. ¶ 4; Bennett Aff. ¶ 12.

As noted above, Campbell submitted a request for geriatric parole release in March, 2017, and he was notified in a letter dated April 30, 2018 that the request had been granted. Bennett Aff. ¶ 14, Enc. D. Campbell's case has been forwarded to the Parole Release Unit, and it is estimated that he will be released sometime this month. Bennett Aff. ¶ 14.

C. <u>The Claims are Without Merit</u>

At this juncture it is apparent that the defendants are entitled to the summary judgment they seek as to all of Campbell's claims. To prevail on a claim under the Title II of the ADA or Section 504 of the RA, a plaintiff must show that: "(1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of his disability." <u>Spencer v. Early</u>, 278 F. App'x 254, 261 (4th Cir. 2008) (quotation omitted); <u>Doe v. Univ. of Maryland Med. Sys. Corp.</u>, 50 F.3d 1261, 1264 (4th Cir. 1995). To prevail on a claim under the RA, a plaintiff also must show that his disability was the sole reason for the alleged discrimination. <u>Latson v. Clarke</u>, 249 F.Supp.3d 838, 857 (W.D. Va. 2017).

Campbell has satisfied none of these factors. Defendants have supplied evidence which demonstrates that since 1997 Campbell had a full opportunity to participate in VPB's parole interview process. Campbell was never denied parole because he has a disability; rather, the VPB's denials of discretionary parole release were predicated on the risk Campbell posed to the community, the serious nature of his offenses, and the fact that his release would diminish the seriousness of his crimes. Bennett Aff. ¶ 11, Enc. B. Aside from unsupported assertions, Campbell has provided no evidence that he ever expressed to any of his numerous parole

interviewers that he could not hear, understand, communicate, or otherwise fail to participate in the proceedings. He has come forward with nothing to refute the defendants' showing that VPB's records are devoid of any indication that he ever complained of a hearing impairment or requested any type of accommodation for hearing loss during any of those interviews. Even if he had, Campbell could not show that his disability caused him to be denied a benefit to which he was entitled, because "inmates generally possess no entitlement, but only a desire, that a parole board will decide in their favor." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). Lastly, Campbell has come forward with nothing to suggest, much less to establish, that the defendants' decisions not to grant him early release on discretionary parole "stemmed from any discriminatory intent due to any alleged disability." Spencer v. Easter, 109 F. App'x 571, 573 (4th Cir. 2014). Under these circumstances, plaintiff's claims under both the ADA and the RA must fail.

Campbell's argument that his right to due process has been violated because he has a protected liberty interest in parole release is likewise unavailing. Contrary to Campbell's understanding, a Virginia inmate has no protected liberty interest in being granted discretionary parole. A convicted person has no constitutional right to be released before the expiration of a valid sentence. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979). Virginia inmates are released on discretionary parole only if and when they are deemed suitable for release, and under Virginia law the VPB has absolute discretion in such decisions. Garrett v. Commonwealth, 14 Va. App. 154 (1992). Because the decision to grant discretionary parole thus is dependent upon "subjective evaluations and predictions of future behavior," it does not create a liberty interest in inmates' parole release. Gaston v. Taylor, 946 F.2d 340 (4th Cir. 1991) (*en banc*).

Moreover, because inmates have no liberty interest in discretionary parole release under Virginia law, "neither can they have any liberty interest in the underlying procedures governing parole determination, so long as the procedures themselves satisfy due process." Hill v. Jackson, 64 F.3d 163, 171 (4th Cir. 1995). The Fourth Circuit recognizes that "... federal courts must defer to state agencies applying state law and thus their oversight of state parole proceedings has been extremely limited," Vann, 73 F.3d at 522, and that "the Constitution requires only a very limited amount of process in considering an inmate for parole." Hoskin v. Brown, 1:14cv759, 2015 WL 527595, at *5 (E.D. Va. Sept. 8, 2015). In fact, to satisfy due process requirements "[a]t most ... parole authorities must furnish to the prisoner a statement of its reason for denial of parole." Burnette, 687 F.3d at 181. "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette v. Fahey, 3:10cv70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010). In this case, Campbell has failed to allege, much less to demonstrate, that the VPB failed to meet these minimal due process requirements.

Because there is no genuine issue as to any material fact and it is has been established that the defendants are entitled to judgment as a matter of law as to all of plaintiff's claims, summary judgment must be granted in their favor. Fed. R. Civ. P. 56(c).

### III. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment must be granted, and judgment must be entered in his favor. An appropriate Order and judgment shall issue.

Entered this _____ day of _____ 2018.

Alexandria, Virginia

/s/
**T. S. Ellis, III**
**United States District Judge**

7

/s/

T. S. Ellis, III
United States District Judge

Moreover, because inmates have no liberty interest in discretionary parole release under Virginia law, "neither can they have any liberty interest in the underlying procedures governing parole determination, so long as the procedures themselves satisfy due process." Hill v. Jackson, 64 F.3d 163, 171 (4th Cir. 1995). The Fourth Circuit recognizes that "... federal courts must defer to state agencies applying state law and thus their oversight of state parole proceedings has been extremely limited," Vann, 73 F.3d at 522, and that "the Constitution requires only a very limited amount of process in considering an inmate for parole." Hoskin v. Brown, 1:14cv759, 2015 WL 527595, at *5 (E.D. Va. Sept. 8, 2015). In fact, to satisfy due process requirements "[a]t most ... parole authorities must furnish to the prisoner a statement of its reason for denial of parole." Burnette, 687 F.3d at 181. "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." Burnette v. Fahey, 3:10cv70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010). In this case, Campbell has failed to allege, much less to demonstrate, that the VPB failed to meet these minimal due process requirements.

Because there is no genuine issue as to any material fact and it is has been established that the defendants are entitled to judgment as a matter of law as to all of plaintiff's claims, summary judgment must be granted in their favor. Fed. R. Civ. P. 56(c).

### III. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment must be granted, and judgment must be entered in his favor. An appropriate Order and judgment shall issue.

Entered this 8th day of October 2018.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge

7